DAVID B. GOLUBCHIK (SBN 185520)
KRIKOR J. MESHEFEJIAN (SBN 255030)
LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
10250 Constellation Boulevard, Suite 1700
Los Angeles, California 90067
Telephone:  (310) 229-1234; Facsimile:  (310) 229-1244
Email: dbg@lnbyb.com; kjm@lnbyb.com

Attorneys for Chapter 11 Debtor and Debtor in Possession

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
## (RIVERSIDE DIVISION)

| | |
|---|---|
| In re:<br><br>HYMAN FAMILY, L.P. dba SUSIE'S DEALS,<br><br>    Debtor and Debtor in Possession. | Case No. 6:11-bk-20827-WJ<br><br>Chapter 11<br><br>**NOTICE OF MOTION AND MOTION TO EXTEND TIME TO ASSUME OR REJECT NON-RESIDENTIAL REAL PROPERTY LEASES; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF STEPHEN HYMAN IN SUPPORT THEREOF**<br><br>Hearing:<br>Date:   July 26, 2011<br>Time:   10:30 a.m.<br>Place:  Courtroom 302<br>            3420 Twelfth Street<br>            Riverside, CA 92501 |

**TO THE HONORABLE WAYNE JOHNSON, UNITED STATES BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, COUNSEL FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, SECURED CREDITORS, THE LANDLORDS, PARTIES REQUESTING SPECIAL NOTICE, AND ALL OTHER PARTIES IN INTEREST:**

**PLEASE TAKE NOTICE** that, on July 26, 2011, at 10:30 a.m., in Courtroom 302 of the United States Bankruptcy Court for the Central District of California, Riverside Division, before the Honorable Wayne Johnson, United States Bankruptcy Judge, a hearing will be held to consider the motion (the "Motion"), filed by Hyman Family, L.P. dba Susie's Deals, the Chapter 11 debtor and debtor in possession herein (the "Debtor") for an order extending the deadline to assume or reject a non-residential real property leases to which the Debtor is a lessee.  By way of the Motion, the Debtor seeks an extension of time of 90 days from August 1, 2011 to October 31, 2011, to decide whether to assume or reject certain non-residential real property leases (the "Leases") attached as Exhibit "1" to the Declaration of Stephen Hyman (the "Hyman Declaration"), submitted herewith in support of the Motion.  The Debtor makes the Motion pursuant to 11 U.S.C. § 365(d)(4), Rule 9013-1 of the *Local Bankruptcy Rules of the United States Bankruptcy Court for the Central District of California* (the "Local Rules"), and Rules 9013 and 9014 of the *Federal Rules of Bankruptcy Procedure* (the "Bankruptcy Rules").

Pursuant to 11 U.S.C. § 365(d)(4), the Debtor must assume or reject the Leases within 120 days of the commencement of the Debtor's chapter 11 case (*i.e.*, by August 1, 2011), unless such time period is extended.  By this Motion, the Debtor requests that the time period within which the Debtor must assume or reject the Leases be extended for a period of ninety (90) days, through and including October 31, 2011, without prejudice to the Debtor's rights to seek further extensions of such period pursuant to 11 U.S.C. § 365(d)(4)(B).

**THE LANDLORDS RECEIVING THE MOTION AND NOTICE OF THE MOTION SHOULD LOCATE THEIR NAMES AND RESPECTIVE LEASES IN EXHIBIT "1" TO THE HYMAN DECLARATION.**

The Debtor submits that "cause" exists to extend the time period within which the Debtor must assume or reject the Leases. The Debtor's business includes retail clothing sales, which the Debtor currently carries out through approximately 50 stores in California, Nevada, Utah and Arizona. In connection with the Debtor's restructuring efforts, the Debtor analyzed operations in its stores in order to determine which stores were profitable and which stores were unprofitable and were burdensome to the estate. Based on such analysis, to date, the Debtor has rejected approximately 24 real property leases (the "Rejected Leases"). The Debtor is still a party to 50 additional real property leases which are referred to herein as the Leases.

The Debtor has not yet determined whether the Debtor should assume or reject the Leases. The Debtor is still evaluating the Leases, and the Debtor is still evaluating the impact upon its business of having rejected the Rejected Leases. Very recently, on June 30, 2011, the Debtor and the Official Committee of Unsecured Creditors (the "Committee") jointly submitted an application to employ Crowe Horwath & Company LLP as the Debtor's and Committee's financial advisor. The Debtor requires additional time to work with Crowe Horwath in evaluating, among other things, the Leases and the financial ramifications to the estate of either assuming or rejecting the Leases. While the Rejected Leases were clearly not favorable leases to the Debtor and were leases for stores that were not profitable for the Debtor, the remaining Leases may be beneficial to the estate and it may make financial sense to retain such Leases. However, the Debtor is not yet in a position to make that determination. In the meantime, the Leases must be preserved while the Debtor explores its optimal reorganization and exit strategy for its estate. Considering the importance of the Leases in formulating a plan of reorganization as well as continuing to operate the Debtor's business, the Debtor has determined that an extension of time to assume or reject the Leases is necessary and appropriate under the circumstances and will benefit the Debtor's estate while the Debtor

1  continues to negotiate with its Landlords, continues to work with the Committee in formulating

2  an exit strategy, continues to confer with its financial advisor, and continues to evaluate the

3  Leases.

4  　　　　The Debtor is generally current on its payment of post-petition rents and other

5  obligations due and payable under the Leases that are the subject of this Motion.  To the extent

6  that the Debtor is not current, such arrearages are disclosed in Exhibit "1" to the Hyman

7  Declaration, and the Debtor will become current with any such arrearages in conjunction with

8  an order entered approving this Motion.  Therefore, the Debtor submits that the Landlords will

9  not be harmed or prejudiced by the requested extension.

10 　　　　The Motion is based upon this Notice of Motion and the Motion, 11 U.S.C. § 365, the

11 accompanying Memorandum of Points and Authorities and the Hyman Declaration annexed

12 thereto, the entire record in this case, the statements, arguments and representations of counsel

13 to be made at the hearing (if any) on the Motion, and any other evidence properly presented to

14 the Court at or prior to the hearing on the Motion.

15 　　　　**PLEASE TAKE FURTHER NOTICE** that, pursuant to Local Bankruptcy Rule 9013-

16 1(c)(2), any oppositions to the Motion must be in writing and shall be filed with the Court and

17 served upon counsel for Debtor not later than fourteen (14) days before the date designated for

18 the hearing on the Motion.

19 　　　　**PLEASE TAKE FURTHER NOTICE** that, pursuant to Local Bankruptcy Rule 9013-

20 1(h), any opposition not timely filed and served may be deemed by the Court to be consent to

21 the granting of the Motion.

22 ///

23 ///

24 ///

25 ///

26 ///

27 ///

28

**WHEREFORE**, the Debtor respectfully requests that the Court enter an order:

(1)    granting the Motion in its entirety;

(2)    extending the time period within which the Debtor is required to assume or reject the Lease for a period of ninety (90) days, through and including October 31, 2011, without prejudice to the Debtor's right to seek further extensions of such period; and

(3)    granting such other and further relief as the Court deems just and proper.

Dated: July 5, 2011                    HYMAN FAMILY, L.P. dba SUSIE'S DEALS

*/s/ Krikor J. Meshefejian*
DAVID B. GOLUBCHIK
KRIKOR J. MESHEFEJIAN
LEVENE, NEALE, BENDER, YOO
  & BRILL L.L.P.
Attorneys for Chapter 11
Debtor and Debtor in Possession

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

### I.

3

### STATEMENT OF FACTS

4 **A.    BACKGROUND INFORMATION AND EVENTS LEADING TO BANKRUPTCY.**

5    On April 1, 2011 (the "Petition Date"), Hyman Family, L.P. dba Susie's Deals (the

6 "Debtor") filed a voluntary petition under Chapter 11 of Title 11 of the United States Code (as

7 amended, the "Bankruptcy Code").  The Debtor continues to manage its financial affairs and

8 operate its bankruptcy estate as a debtor in possession pursuant to Sections 1107 and 1108 of the

9 Bankruptcy Code.

10    Co-founded in 1974 by Susan Hyman and her three brothers, Stephen, Howard and David,

11 the Debtor is the owner and operator of approximately a 70-store family apparel chain with

12 locations in California, Arizona, Utah, and Nevada.  In addition, the Debtor markets and sells

13 products through its website http://www.susiesdeals.com.  The Debtor specializes in catering to

14 the needs of budget-minded fashion-apparel customers by offering to such customers quality

15 clothing at discounted prices – prices the Debtor is able to offer as a result of its positive

16 relationships with manufacturers from which the Debtor purchases overages and canceled orders

17 for products the Debtor offers in its stores.

18    The Debtor is positioned in the retail market at the discount store level, with its primary

19 customer base comprised of middle to low income consumers.  The Debtor's stores are

20 strategically located in power centers, community shopping centers and strip malls.

21    Based on its target demographics, the Debtor's business model was to offer merchandise

22 for sale for $5 or less.  As inflation set in, with increased cost of healthcare, wages, rent, utilities,

23 gas and manufacturing, the profit margins for the Debtor's products deteriorated.  The Debtor

24 thereafter modified its business model to increase the ceiling for its products to $5.99.  However,

25 continuing increases in costs further affected the Debtor's margins.  The Debtor thereafter

26 determined that its prior business model, setting a ceiling on prices, was no longer feasible and

27 did not allow the Debtor to provide quality products to its customers while, at the same time,

28

generating sufficient revenues to maintain operations.    The ceiling on Debtor's prices were subsequently removed.

The foregoing change in the Debtor's business model, to which customers have become accustomed to, initially confused the Debtor's customer base.   Moreover, the recent economic turmoil and recession has resulted in the loss of many jobs of lower income consumers.   Since the Debtor's business model depended on such consumers, the Debtor's business continued to suffer further, resulting in the Debtor not being able to meet its obligations to landlords and vendors.

The Debtor was looking for a strategic investor or business partner to assist the Debtor in its operations.   In the summer of 2010, representatives of the Debtor met with a gentleman by the name of Moshe Javizdad and certain of his associates (the "Javizdad Parties"), who were also in the apparel industry and vendors of the Debtor (e.g., Blue Galaxy, Inc., and Pacesetter Fabrics, LLC).   On or about June 4, 2010, the Debtor and Mr. Javizdad reached an agreement pursuant to which Mr. Javizdad would infuse $2 million cash into the Debtor, provide a $1 million line of credit for the Debtor's operations, forgive $1 million of trade debt owed by the Debtor to Blue Galaxy, Inc. and $500,000 worth of merchandise, with 120 days dating, for the Debtor's operations.   In exchange for the foregoing, Mr. Javizdad would receive a 45% interest in the Debtor[1].

Notwithstanding the foregoing agreement, the Javizdad Parties provided cash to the Debtor of approximately $1,040,000, which was used primarily to pay old obligations, and satisfied an approximately $137,000 debt owed by the Debtor to a third party.   Additionally, Blue Galaxy, Inc. and Pacesetter Fabrics, LLC, collectively forgave approximately $2.8 million in trade debt owed by the Debtor.   Although the Debtor did receive approximately $4 million in consideration from the foregoing transaction, had the Debtor received actual cash and the credit line which was originally contemplated, the Debtor believes it would be able to negotiate more

---

[1] Prior to the transaction, David Hyman, Stephen Hyman and Susan Hyman each owned a 33% limited partnership interest in the Debtor and SDS Holdings, Inc. held a 1% general partnership interest.  After the transaction, David Hyman, Stephen Hyman and Susan Hyman each own an 18% limited partnership interest in the Debtor, SDS Holdings, Inc. holds a 1% general partnership interest in the Debtor, and EMUNA LLC (an entity designated by Mr. Javizdad) holds a 45% limited partnership interest in the Debtor.

favorable resolutions with trade creditors and would be able to invest more funds into expanding its inventory to generate additional sales.

Without access to funds to invest into operations, inventory levels in the Debtor's retained locations dropped. Without sufficient inventory, the Debtor was not able to generate sales, upon which the business relies. The lack of sufficient cash flow and pressure from vendors caused the Debtor to commence the instant reorganization proceedings.

Through this bankruptcy case, the Debtor intends to implement numerous strategies to reorganize and emerge from bankruptcy as a stronger and healthier company, for the benefit of all creditors. The Debtor has closed unprofitable locations and will continue to analyze operations to potentially close additional locations which are not beneficial to the estate. The store closures will allow the Debtor to reallocate inventory from underperforming stores to profitable locations to further increase sales. The Debtor is working on expanding its online presence and generating additional sales through the Internet. With the respite associated with the automatic stay, the Debtor will be able to invest funds to improve and grow its operations. In short, the Debtor is committed to reorganizing its operations and emerging from bankruptcy as expeditiously as possible.

**B.**     **THE NEED TO EXTEND THE DEADLINE TO ASSUME OR REJECT THE LEASES.**

Pursuant to 11 U.S.C. § 365(d)(4), the Debtor must assume or reject the Leases within 120 days of the commencement of the Debtor's chapter 11 case (*i.e.*, by August 1, 2011), unless such time period is extended. By this Motion, the Debtor requests that the time period within which the Debtor must assume or reject the real property leases (the Leases") (a list of which is attached as Exhibit "1" to the Hyman Declaration annexed hereto) be extended for a period of ninety (90) days, through and including October 31, 2011, without prejudice to the Debtor's rights to seek further extensions of such period pursuant to 11 U.S.C. § 365(d)(4)(B).

**THE LANDLORDS RECEIVING THIS MOTION SHOULD LOCATE THEIR NAMES AND RESPECTIVE LEASES IN EXHIBIT "1" TO THE HYMAN DECLARATION.**

The Debtor's business includes retail clothing sales, which the Debtor currently carries out through approximately 50 stores in California, Nevada, Utah and Arizona. In connection with the Debtor's restructuring efforts, the Debtor analyzed operations in its stores in order to determine which stores were profitable and which stores were unprofitable and were burdensome to the estate. Based on such analysis, to date, the Debtor has rejected approximately 24 real property leases (the "Rejected Leases"). The Debtor is still a party to 50 additional real property leases which are referred to herein as the Leases.

The Debtor has not yet determined whether the Debtor should assume or reject the Leases. The Debtor is still evaluating the Leases, and the Debtor is still evaluating the impact upon its business of having rejected the Rejected Leases. Very recently, on June 30, 2011, the Debtor and the Official Committee of Unsecured Creditors (the "Committee") jointly submitted an application to employ Crowe Horwath & Company LLP as the Debtor's and Committee's financial advisor. The Debtor requires additional time to work with Crowe Horwath in evaluating, among other things, the Leases and the financial ramifications to the estate of either assuming or rejecting the Leases.

While the Rejected Leases were clearly not favorable leases to the Debtor and were leases for stores that were not profitable for the Debtor, the remaining Leases may be beneficial to the estate and it may make financial sense to retain such Leases. However, the Debtor is not yet in a position to make that determination.

The Debtor has negotiated with its Landlords since the inception of this case, and has reached tentative lease modification agreements with some of its Landlords. But the Debtor and the Landlords have not arrived at final agreement. In the meantime, the Leases must be preserved while the Debtor explores its optimal reorganization and exit strategy for its estate. Considering the importance of the Leases in formulating a plan of reorganization as well as

continuing to operate the Debtor's business, the Debtor has determined that an extension of time to assume or reject the Leases is necessary and appropriate under the circumstances and will benefit the Debtor's estate while the Debtor continues to negotiate with its Landlords, continues to work with the Committee in formulating an exit strategy, continues to confer with its financial advisor, and continues to evaluate the Leases.

The Debtor is generally current on its payment of post-petition rents and other obligations due and payable under the Leases that are the subject of this Motion.  To the extent that the Debtor is not current, such arrearages are disclosed in Exhibit "1" to the Hyman Declaration, and the Debtor will become current with any such arrearages in conjunction with an order entered approving this Motion.  Therefore, the Debtor submits that the Landlords will not be harmed or prejudiced by the requested extension.

## II.

## <u>DISCUSSION</u>

Section 365(d)(4) provides as follows:

> (A)     Subject to subparagraph (B), an unexpired lease of nonresidential real property under which the debtor is the lessee shall be deemed rejected, and the trustee shall immediately surrender that nonresidential real property to the lessor, if the trustee does not assume or reject the unexpired lease by the earlier of—
>> (i) the date that is 120 days after the date of the order for relief; or
>> (ii) the date of the entry of an order confirming a plan.
>
> (B)      (i) The court may extend the period determined under subparagraph (A), prior to the expiration of the 120-day period, for 90 days on the motion of the trustee or lessor for cause.
>> (ii) If the court grants an extension under clause (i), the court may grant a subsequent extension only upon prior written consent of the lessor in each instance.

11 U.S.C. § 365(d)(4).

1    Thus, pursuant to Section 365(d)(4), a chapter 11 debtor must assume or reject any non-

2    residential real property lease within one hundred and twenty (120) days after the chapter 11

3    filing, or earlier if an order confirming a plan is entered before the 120 day period has passed,

4    unless the Bankruptcy Court extends such period for cause.  11 U.S.C. § 365(d)(4).  A non-

5    residential real property lease that is not assumed within the statutory period shall be "deemed"

6    rejected.  11 U.S.C. § 365(d)(4)(A).  Courts may grant an initial ninety (90) day extension of

7    the statutory period, with subsequent extensions granted only upon the prior written consent of

8    the lessor.  11 U.S.C. § 365(d)(4)(B).

9    Generally speaking, courts determine whether or not cause exists to extend the time

10    within which a debtor must assume or reject a non-residential real property lease based upon

11    an analysis of all relevant facts of the case.  Southwest Aircraft Services, Inc. v. City of Long

12    Beach, 831 F.2d 848, 854 (9th Cir. 1987), cert. denied, 487 U.S. 1206, 108 S.Ct. 2848 (1988);

13    In re Victoria Station, Inc., 88 B.R. 231, 236 (9th Cir. B.A.P. 1988), aff'd. 875 F.2d 1380 (9th

14    Cir. 1989); In re Muir Training Technologies, Inc., 120 B.R. 154, 158 (Bankr. S.D. Cal. 1990).

15    In determining whether or not cause exists, courts have identified the following non-exhaustive

16    factors:

17    1.    Whether the lease is a primary asset of the debtor's estate;

18    2.    Whether the debtor has had time to intelligently appraise its financial situation

19    and the potential value of its assets in terms of the formulation of a plan;

20    3.    Whether the debtor reasonably requires more time to formulate a plan of

21    reorganization; and

22    4.    Whether the debtor is current in paying post-petition rent.

23    See In re Ernst Home Center, Inc., 221 B.R. 243, 253 (9th Cir. B.A.P. 1998), citing, In re

24    Victoria Station, Inc., supra, 88 B.R. at 236, In re Wedtech Corporation, 72 B.R. 464, 471-72

25    (Bankr. S.D.N.Y. 1987).  The Ernst Home Center court recognized that this list "is not

26    exclusive, and a great deal of discretion is left to the court to weigh all relevant factors related

27    to the requested extension."  Ernst Home Center, 221 B.R. at 253.

28

1    The Debtor respectfully submit that an application of the foregoing factors to the facts

2    of this case demonstrates that the Debtor's request for an extension of time to assume or reject

3    the Lease is justified.

4        1.    Whether the Leases are primary assets of the Debtor's estate.

5    The Leases are primary assets of the Debtor's estate because the Leases authorize the

6    Debtor to occupy and utilize the space necessary for the Debtor to operate its retail clothing

7    stores.  The Debtor is in the business of operating such stores.  Clearly, the Leases that allow the

8    Debtor to operate such stores are primary assets of the Debtor's estate.  Indeed, the operation of

9    the Debtor's business **requires** that the Debtor utilize commercial real estate space.  Without the

10   commercial spaces which are the subjects of the Leases, the Debtor would be unable to conduct

11   any business.  Thus, the Leases are primary assets of the Debtor.

12       2.    Whether the Debtor has had time to intelligently appraise its financial situation

13         and the potential value of its assets in terms of the formulation of a plan.

14   Since the inception of this case up until very recently, the Debtor has worked diligently

15   toward evaluating its real property leases, and determining which to reject in order to cut costs

16   and increase profits, and which to assume.  The Debtor is still evaluating the impact of the

17   rejection of the Rejected Leases upon its business model and profitability, and such evaluation

18   will have an effect on the Debtor's decision to assume or reject the remaining Leases.  The

19   Debtor and the Committee have very recently jointly hired a financial advisor to assist the

20   parties in evaluating the Debtor's business, including the costs and benefits of assuming or

21   rejecting the Leases.  The Debtor requires additional time to work with the financial advisor, to

22   negotiate with the Landlords, to continue to work with the Committee in formulating an exit

23   strategy, and to evaluate the Debtor's business model without the Rejected Leases, in order to

24   be able to make a sound business decision as to whether to assume or reject the Leases.  The

25   Debtor is examining its Chapter 11 exit options, and working with the Committee and the

26   jointly hired financial advisor, but does not believe it is possible to make an informed decision

27   regarding the assumption or rejection of the Leases by August 1, 2011.  However, the Debtor

28

1    believes that it will be able to do so prior to the expiration of the 90-day extension period

2    requested herein.

3          3.    <u>Whether the Debtor reasonably require more time to formulate a plan(s) of</u>

4    <u>reorganization.</u>

5          The Debtor must be able to preserve the Leases and continue operating until the Debtor

6    has made a final decision as to the ultimate disposition of the Leases and the Debtor's ultimate

7    exit strategy in this case.  The Debtor has diligently administered its bankruptcy case, has met

8    and conferred with the Committee (and continues to do so), has jointly retained a financial

9    advisor with the Committee, and is in the process of working with the Committee and the

10   financial advisor in evaluating the Debtor's business model and contemplating an appropriate

11   exit strategy in this case. The Debtor requires additional time to formulate an exit strategy with

12   the Committee and the financial advisor.

13         4.    <u>Whether the Debtor is current in paying post-petition rent.</u>

14         The Debtor is generally current on the payment of post-petition obligations due and

15   payable under the Leases.  Exhibit "1" discloses any post-petition arrearages which may exist

16   regarding the Leases.  The Debtor will pay all such arrearages upon in conjunction with an order

17   approving this Motion. Based on the foregoing, the Debtor believes that the Landlords will not

18   be harmed or prejudiced by the requested extension.

19         For all of the reasons set forth above, the Debtor respectfully submits that sufficient

20   "cause" exists for the Court to extend the time period within which the Debtor must assume or

21   reject the Leases for a period of 90 days, through and including October 31, 2011.

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28

## III.

## CONCLUSION

**WHEREFORE**, the Debtor respectfully requests that the Court enter an order:

(1)     granting the Motion in its entirety;

(2)     extending the time period within which the Debtor is required to assume or reject the Lease for a period of 90 days, through and including October 31, 2011, without prejudice to the Debtor's right to seek further extensions of such period; and

(3)     granting such other and further relief as the Court deems just and proper.


Dated: July 5, 2011          HYMAN FAMILY, L.P. dba SUSIE'S DEALS

                         */s/ Krikor J. Meshefejian*
                         DAVID B. GOLUBCHIK
                         KRIKOR J. MESHEFEJIAN
                         LEVENE, NEALE, BENDER, YOO
                           & BRILL L.L.P.
                         Attorneys for Chapter 11
                         Debtor and Debtor in Possession

## DECLARATION OF STEPHEN M. HYMAN

I, Stephen Hyman, hereby declare under penalty of perjury as follows:

1.      I am over 18 years of age.  I have personal knowledge of the facts set forth herein, and, if called as a witness, could and would testify competently with respect thereto.

2.      I am a limited partner of Hyman Family, L.P. dba Susie's Deals, the Chapter 11 debtor and debtor in possession in the above-captioned bankruptcy case (the "Debtor"), and the President of SDS Holdings, Inc. which is the general partner of the Debtor.

3.      I have access to the books and records of the Debtor and entities related to the Debtor.  I am familiar with the history, organization, operations and financial condition of the Debtor.  The records and documents referred to in this Declaration constitute writings taken, made, or maintained in the regular or ordinary course of the Debtor's business at or near the time of act, condition or event to which they relate by persons employed by the Debtor who had a business duty to the Debtor and its affiliates to accurately and completely take, make, and maintain such records and documents.  I am a custodian of records for the Debtor, and have direct knowledge of how the Debtor maintains its books and records.

A.      **BACKGROUND INFORMATION AND EVENTS LEADING TO BANKRUPTCY.**

4.      On April 1, 2011 (the "Petition Date"), the Debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code.  The Debtor continues to manage its financial affairs and operate its bankruptcy estate as a debtor in possession.

5.      The Debtor was co-founded in 1974 by my sister Susan Hyman, our two brothers, Howard and David, and myself.  The Debtor is the owner and operator of approximately a 70-store family apparel chain with locations in California, Arizona, Utah, and Nevada.  In addition, the Debtor markets and sells products through its website http://www.susiesdeals.com.  The Debtor specializes in catering to the needs of budget-minded fashion-apparel customers by offering to such customers quality clothing at discounted prices – prices the Debtor is able to offer as a result of its positive relationships with manufacturers from which the Debtor purchases overages and canceled orders for products the Debtor offers in its stores.

6.     The Debtor is positioned in the retail market at the discount store level, with its primary customer base comprised of middle to low income consumers.  The Debtor's stores are strategically located in power centers, community shopping centers and strip malls.

7.     Based on its target demographics, the Debtor's business model was to offer merchandise for sale for $5 or less.  As inflation set in, with increased cost of healthcare, wages, rent, utilities, gas and manufacturing, the profit margins for the Debtor's products deteriorated. The Debtor thereafter modified its business model to increase the ceiling for its products to $5.99. However, continuing increases in costs further affected the Debtor's margins.  The Debtor thereafter determined that its prior business model, setting a ceiling on prices, was no longer feasible and did not allow the Debtor to provide quality products to its customers while, at the same time, generating sufficient revenues to maintain operations.  The ceiling on Debtor's prices were subsequently removed.

8.     The foregoing change in the Debtor's business model, to which customers have become accustomed to, initially confused the Debtor's customer base.  Moreover, the recent economic turmoil and recession has resulted in the loss of many jobs of lower income consumers. Since the Debtor's business model depended on such consumers, the Debtor's business continued to suffer further, resulting in the Debtor not being able to meet its obligations to landlords and vendors.

9.     We have searched for a strategic investor or business partner to assist the Debtor in its operations.  In the summer of 2010, we met with a gentleman by the name of Moshe Javizdad and certain of his associates (the "Javizdad Parties"), who were also in the apparel industry and vendors of the Debtor (e.g., Blue Galaxy, Inc., and Pacesetter Fabrics, LLC).  On or about June 4, 2010, we reached an agreement with Mr. Javizdad pursuant to which Mr. Javizdad would infuse $2 million cash into the Debtor, provide a $1 million line of credit for the Debtor's operations, forgive $1 million of trade debt owed by the Debtor to Blue Galaxy, Inc. and $500,000 worth of

merchandise, with 120 days dating, for the Debtor's operations. In exchange for the foregoing, Mr. Javizdad would receive a 45% interest in the Debtor[2].

10.    Notwithstanding the foregoing agreement, the Javizdad Parties provided cash to the Debtor of approximately $1,040,000, which was used primarily to pay old obligations, and satisfied an approximately $137,000 debt owed by the Debtor to a third party. Additionally, Blue Galaxy, Inc. and Pacesetter Fabrics, LLC, collectively forgave approximately $2.8 million in trade debt owed by the Debtor. Although the Debtor did receive approximately $4 million in consideration from the foregoing transaction, had the Debtor received actual cash and the credit line which was originally contemplated, I believe it would be able to negotiate more favorable resolutions with trade creditors and would be able to invest more funds into expanding its inventory to generate additional sales.

11.    Without access to funds to invest into operations, inventory levels in the Debtor's retained locations dropped. Without sufficient inventory, the Debtor was not able to generate sales, upon which the business relies. The lack of sufficient cash flow and pressure from vendors caused the Debtor to commence the instant reorganization proceedings.

12.    Through this bankruptcy case, the Debtor intends to implement numerous strategies to reorganize and emerge from bankruptcy as a stronger and healthier company, for the benefit of all creditors. The Debtor has closed unprofitable locations and will continue to analyze operations to potentially close additional locations which are not beneficial to the estate. The store closures will allow the Debtor to reallocate inventory from underperforming stores to profitable locations to further increase sales. We are working on expanding the Debtor's online presence and generating additional sales through the Internet. With the respite associated with the automatic stay, I believe that the Debtor will be able to invest funds to improve and grow its

---

[2] Prior to the transaction, David Hyman, Susan Hyman and I each owned a 33% limited partnership interest in the Debtor and SDS Holdings, Inc. held a 1% general partnership interest. After the transaction, David Hyman, Susan Hyman and I each own an 18% limited partnership interest in the Debtor, SDS Holdings, Inc. holds a 1% general partnership interest in the Debtor, and EMUNA LLC (an entity designated by Mr. Javizdad) holds a 45% limited partnership interest in the Debtor.

1   operations.  In short, we are all committed to reorganizing the Debtor's operations and emerging

2   from bankruptcy as expeditiously as possible.

3   **B.      THE NEED TO EXTEND THE DEADLINE TO ASSUME OR REJECT THE**

4   **LEASES.**

5       13.      The Debtor's business includes retail clothing sales, which the Debtor currently

6   carries out through approximately 50 stores in California, Nevada, Utah and Arizona.   In

7   connection with the Debtor's restructuring efforts, the Debtor analyzed operations in its stores

8   in order to determine which stores were profitable and which stores were unprofitable and were

9   burdensome to the estate.    Based on such analysis, to date, the Debtor has rejected

10  approximately 24 real property leases (the "Rejected Leases").  The Debtor is still a party to 50

11  additional real property leases (the "Leases").  A list of the Leases is attached as Exhibit "1" to

12  this Declaration.

13      14.      The Debtor has not yet determined whether the Debtor should assume or reject

14  the Leases.  The Debtor is still evaluating the Leases, and the Debtor is still evaluating the

15  impact upon its business of having rejected the Rejected Leases.

16      15.      Very recently, on June 30, 2011, the Debtor and the Official Committee of

17  Unsecured Creditors (the "Committee") jointly submitted an application to employ Crowe

18  Horwath & Company LLP as the Debtor's and Committee's financial advisor.  The Debtor

19  requires additional time to work with Crowe Horwath in evaluating, among other things, the

20  Leases and the financial ramifications to the estate of either assuming or rejecting the Leases.

21      16.      While the Rejected Leases were clearly not favorable leases to the Debtor and

22  were leases for stores that were not profitable for the Debtor, the remaining Leases may be

23  beneficial to the estate and it may make financial sense to retain such Leases.

24      17.      The Debtor has negotiated with its Landlords since the inception of this case,

25  and has reached tentative lease modification agreements with some of its Landlords.  But the

26  Debtor and the Landlords have not arrived at final agreement.

27      18.      Considering the importance of the Leases in formulating a plan of

28

1   reorganization as well as continuing to operate the Debtor's business, the Debtor has

2   determined that an extension of time to assume or reject the Leases is necessary and

3   appropriate under the circumstances and will benefit the Debtor's estate while the Debtor

4   continues to negotiate with its Landlords, continues to work with the Committee in formulating

5   an exit strategy, continues to confer with its financial advisor, and continues to evaluate the

6   Leases.

7         19.    The Debtor is generally current on its payment of post-petition rents and other

8   obligations due and payable under the Leases that are the subject of this Motion. To the extent

9   that the Debtor is not current, such arrearages are disclosed in Exhibit "1" and the Debtor will

10  become current with any such arrearages in conjunction with an order entered approving this

11  Motion.

12        I declare under penalty of perjury that the foregoing is true and correct. Executed this 5th

13  day of July, 2011, at Ontario, California.

14

15                                                  STEPHEN HYMAN

**EXHIBIT 1**

JOE'S DEALS
LEASED PROPERTY/LANDLORD INFORMATION for MOTION TO EXTEND
as of July 5, 2011

| ST # | Leased Store Address | Landlord Name/Address | General Lease Terms |
|---|---|---|---|
| 01 | 620 S. Wanamaker Avenue<br>Ontario, CA 91761 | JW Mitchell Company, LLC<br>2 Corporate Park Ste 108<br>Irvine, CA 92606 | Monthly Rent: $54,550.90<br>EOT: 7/31/14<br>Post-Petition Rent Due: July |
| 02 | 17570 E. Colima Road<br>Rowland Heights, CA 91748<br>Los Angeles County<br>Commercial Property | CENTRO PROPERTY OWNER II LLC<br>Puente Hills Town Center, Dept. 9190<br>Los Angeles, CA 90084-9180 | Monthly Rent: $1,000.00<br>EOT: 03/31/13<br>Post-Petition Rent Due: July |
| 03 | 4128 Chester Avenue, Suite H<br>Bakersfield, CA 93301<br>Kern County<br>Commercial Property | JAYDEN RE, INC<br>12200 West Olympic Blvd, Suite 145<br>Los Angeles, CA 90064 | Monthly Rent: $5584.50<br>EOT: 4/30/14<br>Post-Petition Rent Due: July |
| 04 | 16912 San Fernando Mission<br>Granada Hills, CA 91344<br>Los Angeles County<br>Commercial Property | Kato & Associates<br>18182 Bushard Street<br>Fountain Valley, CA 92708 | Monthly Rent: $5565.06<br>EOT: 03/31/14<br>Post-Petition Rent Due: July |
| 07 T | 510 E 1st Street<br>Tustin, CA 92780<br>Orange County<br>Commercial Property | PK II Larwin Square SC LP<br>c/o KIMCO Realty Corporation<br>333 Hyde Park Road, Suite 100<br>New Hyde Park, New York  11042 | Monthly Rent: $4000.00<br>EOT: 1/31/12<br>Post-Petition Rent Due: July |
| 08 | 1620 High Street, Suite 1<br>Oakland, CA 94601-4536<br>Alameda County<br>Commercial Property | 1630 HIGH STREET, LLC<br>c/o Red Mountain Group<br>1234 East Seventeenth Street<br>Santa Ana, Ca 92701 | Monthly Rent: $7,500.00<br>EOT: 11/30/12<br>Post-Petition Rent Due: July |
| 09 | 2058 E. Lincoln Avenue<br>Anaheim, CA 92806<br>Orange County<br>Commercial Property | NMC ANAHEIM, LLC<br>C/O Newmark Merrill Co<br>5850 Canoga Avenue #650<br>Woodland Hills, CA 91356 | Monthly Rent: $4,500.00<br>EOT: 10/31/12<br>Post-Petition Rent Due: July |
| 11 | 7505 Watt Ave. Suite B<br>North Highlands, CA 95660<br>Sacramento County<br>Commercial Property | WATT NORTH HIGHLANDS L.P.<br>C/O Westwood Financial Corp.<br>11440 San Vicente Blvd, #200<br>Los Angeles, CA 90049 | Monthly Rent: $5,000.00<br>EOT: 03/31/14<br>Post-Petition Rent Due: July |
| 13 | 4490 N. Rancho Drive<br>Las Vegas, NV  89130<br>Clark County<br>Commercial Property | Tonopah-Craig Road Company<br>c/o Maury Abrams, LLC<br>26135 Mureau Road, Suite 200<br>Calabasas, CA 91302      (same as #49&#71) | Monthly Rent: $4,000.00<br>EOT: 03/31/14<br>Post-Petition Rent Due: August |
| 14 | 29700 Rancho California, G-1<br>Temecula, CA 92591<br>Riverside County<br>Commercial Property | LAKHA PROPERTIES-TEMECULA TC<br>C/O Premier Centers Management<br>500 108th Avenue NE, Suite #2050<br>Bellevue, WA 98004      (See #56 also) | Monthly Rent: $4,916.00<br>EOT: 01/26/12<br>Post-Petition Rent Due: July |
| 16 | 26 West Court Street<br>Woodland, CA 95695<br>Yolo County<br>Commercial Property | ABA Investments, LLC<br>c/o Potter-Taylor & Co.<br>1792 Tribute Road, Suite 270<br>Sacramento, CA 95815 | Monthly Rent: $4,100.00<br>EOT: 03/31/14<br>Post-Petition Rent Due: July |
| 17 | 1930 Pacific Coast Hwy.<br>Lomita, CA 90717<br>Los Angeles County<br>Commercial Property | Grandtower USA<br>Attn:  Joseph Yeh and Sharyn Liu<br>2440 N. Cameron Avenue<br>Covina, CA 91724 | Monthly Rent: $5,700.00<br>EOT: 03/31/14<br>Post-Petition Rent Due: July |
| 18 | 10187 Magnolia<br>Riverside, CA 92503<br>Riverside County<br>Commercial Property | MAGNOLIA PLACE SHOPPING CENTER, LLC<br>C/O Summit Team<br>17165 New Hope Street, Suite H<br>Fountain Valley, CA 92708 | Monthly Rent: $6,983.43<br>EOT: 04/30/13<br>Post-Petition Rent Due: July |
| 22 | 842 E. Valley Blvd.<br>Alhambra, CA  91801<br>Los Angeles County<br>Commercial Property | ALHAMBRA VALLEY PROPERTIES<br>C/O Chase Centers<br>11812 San Vicente Blvd Ste 500<br>Los Angeles, CA 90049 | Monthly Rent: $8,013.00 + CAM<br>EOT"  11/30/11<br>Post-Petition Rent Due: July |
| 23 | 4091 Hardwick Street<br>Lakewood, CA 90712<br>Los Angeles County<br>Commercial Property | LAKE WOOD ASSOCIATES, LLC<br>C/O DJM Capital Partners<br>7777 Edinger Avenue, Suite 133<br>Huntington Beach, CA 92647 | Monthly Rent: $11,009.56<br>EOT: 09/30/15<br>Post-Petition Rent Due: July |
| 27 | 34-151 Date Palm Drive, #A-D<br>Cathedral City, CA  92234<br>Riverside County<br>Commercial Property | BJS CAT-City, LLC<br>C/O Westrust<br>26901 Agoura Road, Suite 250<br>Calabasas Hills, CA 91301-5103 | Monthly Rent: $3,000.00<br>EOT: 01/31/13<br>Post-Petition Rent Due: July |
| 32 | 700 E. Redlands Blvd., B3<br>Redlands, CA  92373<br>San Bernardino County<br>Commercial Property | 700 E. REDLANDS, LLC<br>Redlands Associates, LTD<br>2925 Bristol Street<br>Costa Mesa, CA 92626 | Monthly Rent: $6,940.00<br>EOT: 12/31/12<br>Post-Petition Rent Due: July |
| 34 | 1175 Fresno Street<br>Fresno, CA  93706<br>Fresno County<br>Commercial Property | KEARNEY PALMS LLC<br>204 W. Ridgepoint Drive<br>Fresno, CA 93711 | Monthly Rent: $6,024.30<br>EOT: 04/30/15<br>Post-Petition Rent Due: July |
| 36 | 10917 Olson Drive<br>Rancho Cordova, CA 95670<br>Sacramento County<br>Commercial Property | PACIFIC CASTLE RANCHO CORDOVA LLC<br>2601 Main Street, Suite 900<br>Irvine, CA 92614 | Monthly Rent: $1,460.30<br>EOT: MTM<br>Post-Petition Rent Due: July |
| 38 | 6765-D Westminster Blvd.<br>Westminster, CA  92683<br>Orange County<br>Commercial Property | WRI WEST GATE SOUTH LP<br>Attn:  Legal Department<br>2600 Citadel Plaza Dr., Ste 300 - (P.O. Box 924133)<br>Houston, Texas 77008  (77292-4133) | Monthly Rent: $5,082.34<br>EOT: 01/31/14<br>Post-Petition Rent Due: July |
| 40 | 2339 W. Hammer Lane Suite K<br>Stockton, CA  95355<br>San Juaquin County<br>Commercial Property | PPC STOCKTON PLAZA LC<br>C/O SMI Commercail MGMT, Inc.<br>1820 Professional Drive, Suite 1<br>Sacramento, CA 95825 | Monthly Rent: $4,500.00<br>EOT: 03/31/14<br>Post-Petition Rent Due: July |
| 43 | 11985 Central Avenue<br>Chino, CA  91710<br>San Bernardino County<br>Commercial Property | PKI COUNTRY FAIR SC LP<br>C/O KIMCO Realty Corporation<br>23 Mauchly, Suite 100<br>Irvine, CA 90266 | Monthly Rent: $4,905.00<br>EOT: 10/31/11<br>Post-Petition Rent Due: July |
| 49 | 4934 E. Tropicana Avenue<br>Las Vegas, NV 89121<br>Clark County<br>Commercial Property | TROPICANA NELLIS LLLP<br>C/O Maury Abrams Company<br>26135 Mureau Road, Suite 200<br>Calabasas, CA 91302 | Monthly Rent: $4,000.00<br>EOT: 03/31/14<br>Post-Petition Rent Due: August |
| 51 | 1159 E. Twain, Suite 101-102<br>Las Vegas, NV  89109<br>Clark County<br>Commercial Property | MARYLAND PARK PLACE LLC<br>c/o J.L. Management Company<br>629 Camino de Los Mares, Suite 206<br>San Clemente, CA 92673 | Monthly Rent: $4,500.00<br>EOT: 03/31/14<br>Post-Petition Rent Due: July |
| 52 | 1252-1256 Nellis Blvd.<br>Las Vegas, NV  89104<br>Clark County<br>Commercial Property | NELLIS CROSSING LP<br>C/O Buckeye Investments Mgmt. Company<br>4560 S. Decatur Blvd, Suite 202<br>Las Vegas, Nevada  89103 | Monthly Rent: $5,000.00<br>EOT: 03/12/14<br>Post-Petition Rent Due: July |
| 54 | 29229 Central Avenue, Sutie A<br>Lake Elsinore, CA 92532<br>Riverside County<br>Commercial Property | (SUB LANDLORD)  FASHION BUG 3711, INC.<br>c/o Charming Shoppes, Inc.- Corporate Village<br>14362 North Frank Lloyd Wright Blvd, Ste 1000<br>Scottsdale, Arizona 85260 | Monthly Rent: $9,800.00<br>EOT: 01/01/13<br>Post-Petition Rent Due: July |
| 56 | 5931 University Ave., #402<br>San Diego, CA 92105<br>San Diego County<br>Commercial Property | LAKHA PROPERTIES-SAN DIEGO LLC<br>C/O Premier Centers Management<br>500 108th Avenue NE, Suite #2050<br>Bellevue, WA 98004 | Monthly Rent: $4,000.00<br>EOT: 04/30/13<br>Post-Petition Rent Due: July |
| 58 | 2327 S. Bristol Street<br>Santa Ana, CA 92704<br>Orange County<br>Commercial Property | NMC SANTA ANA LLC BRISTOL<br>18801 Ventura Blvd, Suite 300<br>Tarzana, CA 91356 | Monthly Rent: $6,000.00<br>EOT: 06/24/12<br>Post-Petition Rent Due: July |
| 59 | 568-A West Main Street<br>Santa Paula, CA 93060<br>Ventura County<br>Commercial Property | CALIFORNIA PROPERTY OWNERS I LLC<br>c/o Centro Properties Group<br>420 Lexington Avenue, 7th Floor<br>New York, New York 10170 | Monthly Rent: $7,018.06<br>EOT: 03/31/15<br>Post-Petition Rent Due: July |
| 61 | 975 South E Street, Unit B1<br>San Bernardino, CA 92408<br>San Bernardino County<br>Commercial Property | LUXOR PROPERTIES, INC.<br>4751 Wilshire Blvd. #203<br>Los Angeles, CA 90010 | Monthly Rent: $7,650.00<br>EOT: 04/30/14<br>Post-Petition Rent Due: July |

Signed and Accepted _____

Date: _____

7/5/2011

MARK'S DEALS
LEASED PROPERTY/LANDLORD INFORMATION for MOTION TO EXTEND
as of July 5, 2011

| ST # | Leased Store Address | Landlord Name/Address | General Lease Terms |
|---|---|---|---|
| 64 | 18163 Sherman Way<br>Reseda, CA 91335<br>Los Angeles County<br>Commercial Property | RESEDA PLAZA/MOOSE HOLDINGS INC.<br>c/o Reseda Plaza<br>15821 Ventura Blvd, Suite 275<br>Encino, CA 91436 | Monthly Rent: $6,920.29<br>EOT: 03/31/14<br>Post-Petition Rent Due: July |
| 66 | 4001 S. Decatur, #25-26<br>Las Vegas, NV 89103<br>Clark County<br>Commercial Property | 4001 South Decatur Boulevard Holdings, LLC<br>c/o CWCapital Asset Management LLC<br>7501 Wisconsin Avenue, Suite 500 West<br>Bethesda, MD  20814<br>Attn:  Michael McGregor | Monthly Rent: $5,000.00<br>EOT: 01/31/13<br>Post-Petition Rent Due: July |
| 68 | 1120 E. Prosperity Ave.<br>Tulare, CA 93274<br>Tulare County<br>Commercial Property | LEONARD & LAVONNE STAFFORD<br>REVOCABLE TRUST<br>33 Bretano Way<br>Greenbrae, CA  94904 | Monthly Rent: $8,116.58<br>EOT: 06/30/13<br>Post-Petition Rent Due: July |
| 70 | 3767 Ming Avenue<br>Bakersfield, CA  93309<br>Kern County<br>Commercial Property | MING PLAZA, LP<br>c/o Meridian Pacific, Ltd.<br>1801 Tiburon Blvd., Ste 800<br>Tiburon, CA 94920 | Monthly Rent: $5,657.72<br>EOT: 03/30/14<br>Post-Petition Rent Due: July |
| 71 | 1963 N. Decatur Blvd.<br>Las Vegas, NV 89108<br>Clark County<br>Commercial Property | LAKE MEAD DECATUR LLLP<br>c/o Maury Abrams, LLC<br>26135 Mureau Road, Suite 200<br>Calabasas, CA 91302 | Monthly Rent: $4,000.00<br>EOT: 03/31/14<br>Post-Petition Rent Due: August |
| 72 | 1187 S. Sanderson Avenue<br>Hemet, CA 92545<br>Riverside County<br>Commercial Property | RICH ALVARADO, LLC<br>C/O Rich Development Co<br>1000 N. Western Avenue, Suite 200<br>San Pedro, CA 90732 | Monthly Rent: $3,000.00<br>EOT: 03/31/14<br>Post-Petition Rent Due: July |
| 75 | 24831 Alessandro Blvd., Ste 101<br>Moreno Valley, CA  92553<br>Riverside County<br>Commercial Property | BHULLAR INVESTMENTS, LLC<br>C/O Summit Team<br>17165 New Hope Street, Suite H<br>Fountain Valley, CA 92708 | Monthly Rent: $4,784.74<br>EOT: 11/30/14<br>Post-Petition Rent Due: July |
| 77 | 181 S. Turnpike Rd.<br>Santa Barbara, CA 93105<br>Santa Barbara County<br>Commercial Property | TURNPIKE CENTER LLC<br>C/O WELLS PROPERTIES<br>3905 State Street, #7263<br>Santa Barbara, CA. 93105 | Monthly Rent: $4,990.00<br>EOT: 03/30/12<br>Post-Petition Rent Due: August |
| 79 | 7689 S. Jordan Landing Blvd. #220<br>West Jordan, UT 84084<br>Salt Lake County<br>Commercial Property | AIRPORT CENTER, LLC<br>C/O Foursquare Properties, Inc.<br>7533 South Center View Court, #200<br>West Jordan, UT  84084 | Monthly Rent: $5,895.00<br>EOT: 08/31/14<br>Post-Petition Rent Due: July |
| 82 | 8085 West 3500 South<br>Magna, UT  84044<br>Salt Lake County<br>Commercial Property | MAGNA HENRY LLC AND MAGNA KHOURY LLC<br>C/O Dana Senit Henry<br>4831 Las Virgenes Road, #145<br>Calabasas, CA 91302 | Monthly Rent: $5,984.00<br>EOT: 03/31/15<br>Post-Petition Rent Due: July |
| 84 | 1808 W. Lacey Blvd.<br>Hanford, CA 93230<br>Kings County<br>Commercial Property | CENTENNIAL CAPITAL LP<br>C/O Safeco Capital Corp<br>1850 S. Sepulveda Blvd, Suite 200<br>Los Angeles, CA 90025 | Monthly Rent: $2,677.15<br>EOT:  MTM<br>Post-Petition Rent Due: July |
| 88 T | 14675 Rinaldi Street<br>San Fernando, CA 91340<br>Los Angeles County<br>Commercial Property | WINTERBERRY PROPERTIES LP<br>c/o Reliable Properties<br>6399 Wilshire Blvd, Suite 604<br>Los Angeles, CA 90048-5709 | Monthly Rent: $3,000.00<br>EOT:  MTM<br>Post-Petition Rent Due: July |
| 89 | 4069 Chicago Ave.,  Suite 100<br>Riverside, CA  92507<br>Riverside County<br>Commercial Property | SUGARBUSH PROPERTIES-1 LLC<br>C/O Reliable Properties<br>6399 Wilshire Blvd, Suite 604<br>Los Angeles, CA 90048-5709 | Monthly Rent: 7,921.85<br>EOT: 03/31/14<br>Post-Petition Rent Due: July |
| 90 | 144 Atlantic Avenue<br>Pittsburg, CA 94565<br>Contra Costa County<br>Commercial Property | SEENO ENTERPRISES LLC<br>C/O Sierra Pacific Properties Inc.<br>1800 Willow Pass Court<br>Concord, CA 94520 | Monthly Rent: $4,800.00<br>EOT: 10/13/13<br>Post-Petition Rent Due: July |
| 91 | 12160-B Hesperia Road<br>Victorville, CA  92392<br>San Bernardino County<br>Commercial Property | VICTOR VALLEY PLAZA CO., LLC<br>28632 Roadside Drive, Suite 285<br>Agoura Hills, CA 91301 | Monthly Rent: $8,525.60<br>EOT: 06/21/13<br>Post-Petition Rent Due: July |
| 95 | 2018 Atlantic Blvd.<br>Monterey Park, CA  91754<br>Los Angeles County<br>Commercial Property | TRC MM, LLC. (formerly know as GMS Five, LLC)<br>c/o Terramar Retail Centers, LLC<br>5973 Avenida Encinas, Suite 300<br>Carlsbad, CA 92008-4476 | Monthly Rent: $9,679.85<br>EOT: 01/31/13<br>Post-Petition Rent Due: July |
| 101 | 1955 w. Texas Street, Suite 180<br>Fairfield, CA 94533<br>Solano County<br>Commercial Property | WINERY SQUARE STATON LP<br>C/O Phillips Edison & Company<br>11501 Northlake Drive<br>Cincinnati, Ohio  45249 | Monthly Rent: $4,000.00<br>EOT: 06/30/14<br>Post-Petition Rent Due: July |
| 102 T | 7360 Cherry Avenue<br>Fontana, CA 92336<br>San Bernardino County<br>Commercial Property | LHE HERITAGE VILLAGE, LLC<br>C/O Lewis Operating Corp<br>1156 N. Mountain Avenue<br>Upland,  CA  91786-3633 | Monthly Rent: $4,474.85<br>EOT: 03/31/12<br>Post-Petition Rent Due: July |
| 104 T | 25830 McBean Parkway<br>Valencia, CA 91355<br>Los Angeles County<br>Commercial Property | PK 1 GRANARY SQUARE LP<br>C/O KIMCO Realty Corporation<br>3333 New Hyde Park Road, Suite 100<br>New Hyde Park, New York  11042 | Monthly Rent: $5,000.00<br>EOT:  MTM<br>Negotiating relocation within same Shopping Ctr |
| 106 T | 2620 East Workman Avenue #04AS<br>West Covina, CA 91791<br>Los Angeles County<br>Commercial Property | EASTLAND SHOPPING CENTER LLC<br>C/O Westfield, LLC<br>11601 Wilshire Blvd, 11th Floor<br>Los Angeles, CA 90025 | Monthly Rent: $5,741.20<br>EOT: 09/30/11<br>Post-Petition Rent Due: July |

Signed and Accepted _____

Date: _____

7/5/2011

| | CHAPTER 11 |
|---|---|
| In re HYMAN FAMILY, L.P. dba SUSIE'S DEALS,<br><br>                                                     Debtor(s). | CASE NO 6:11-bk-20827-WJ |

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: 10250 Constellation Blvd., Ste. 1700, Los Angeles, CA  90067

True and correct copies of the documents described as **NOTICE OF MOTION AND MOTION TO EXTEND TIME TO ASSUME OR REJECT NON-RESIDENTIAL REAL PROPERTY LEASES; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF STEPHEN HYMAN IN SUPPORT THEREOF** will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner indicated below:

**I.   TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **July 5, 2011** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

- Andrew K Alper    aalper@frandzel.com, efiling@frandzel.com;ekidder@frandzel.com
- Dustin P Branch    dustin.branch@kattenlaw.com
- Brian L Davidoff    bdavidoff@rutterhobbs.com, calendar@rutterhobbs.com;jreinglass@rutterhobbs.com
- Jerome Bennett Friedman    jfriedman@jbflawfirm.com, cdonoyan@jbflawfirm.com;jmartinez@jbflawfirm.com
- Todd R Gabriel    tgabriel@sparberlaw.com
- Everett L Green    everett.l.green@usdoj.gov
- Steven T Gubner    sgubner@ebg-law.com, ecf@ebg-law.com
- Nancy Hotchkiss    nhotchkiss@trainorfairbrook.com
- William W Huckins    whuckins@allenmatkins.com, clynch@allenmatkins.com
- Ian Landsberg ilandsberg@landsberg-law.com, bgomelsky@landsberg-law.com;rbenitez@landsberg-law.com
- Douglas M Neistat    twilliams@greenbass.com
- Neal Salisian    neal.salisian@salisianlee.com
- Lisa Seabron    lseabron@weingarten.com
- Claire Shin    cshin@rutterhobbs.com, jreinglass@rutterhobbs.com
- Ramesh Singh    claims@recoverycorp.com
- United States Trustee (RS)    ustpregion16.rs.ecf@usdoj.gov

**II.  SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:**
On  **July 5, 2011** I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

*[X] Service list served by U.S. Mail attached*

**III.  SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **July 5, 2011**  I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

***Served by Attorney Service***
Honorable Wayne Johnson
U.S. Bankruptcy Court
3420 Twelfth Street, Courtroom 302
Riverside, CA 92501-3819

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct

| July 5, 2011 | Stephanie Reichert | /s/ Stephanie Reichert |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**II. SERVED VIA U.S. MAIL:**

Office of The United States Trustee
3685 Main Street, Suite 300
Riverside, CA 92501

Harlan M . Lazarus, Esq.
LAZARUS & LAZARUS, P.C.
240 Madison Avenue, 8th Floor
New York, NY  10016
hmllaw.att.net

Robert Mulder
124 E Olympic Suite 308
Los Angeles, CA 90015
RKEvans@aol.com
213 746 8850

*Counsel for NMC Santa Ana, LLC & NMC Anaheim, LLC*
Ian S. Landsberg, Esq.
LANDSBERG & ASSOCIATES
16030 Ventura Boulevard, Suite 470
Encino, CA  91436

*Counsel for BJS Cat-City LLC*
Jeffrey S. Adelman, Esq.
ADELMAN LAW ADVISORS
15303 Ventura Blvd., Ste. 1400
Sherman Oaks, CA  91403-6610

Dana Senit Henry
4831 Las Virgenes Rd, #146
Calabasas, CA 91302

Cushman & Wakefield
Attn: Curtis Olson
170 S. Main St., Suite 1600
Salt Lake City, UT 84101

*Counsel for TRC MM, LLC*
Todd R. Gabriel, Esq.
SPARBER ANNEN MORRI & GABRIEL, APLC
701 "B" Street, Suite 1400
San Diego, CA  92101-8164

Dayco Funding Corporation
c/o Frandzel Robins Bloom & Csato, LC
6500 Wilshire Blvd., 17th Floor
Los Angeles, CA  90048
Attn: Andrew K. Alper

Lakewood Associates, LLC
c/o J. Bennett Friedman, Esq.
FRIEDMAN LAW GROUP, P.C.
1901 Avenue of the Stars, Suite 1700
Los Angeles, CA   90067

*Counsel For One Step Up, Ltd.*
Harlan M. Lazarus, Esq.
Lazarus & Lazarus, P.C.
240 Madison Avenue, 8th Floor
New York, NY 10016

*Counsel To Moeir Moussighi Dba Roll Tex*
Ashkan Ashour, Esq.
Danialpour & Associates
1575 Westwood Blvd. Suite 200
Los Angeles, Ca 90024

*Counsel for Preferred Fragrance, Inc.*
Marnin Weinreb, Esq.
BLADY WEINREB LAW GROUP, LLP
6310 San Vicente Blvd. Ste. 400
Los Angeles, CA  90048

*Landlord John G. Cataldo*
Edward L. Felman, Esq.
FELMAN & EL DABE
13743 Ventura Bl. Ste. 350
Sherman Oaks, CA  91423

*JGKallins Investments, LP*
Timothy Krantz, Esq.
LAW OFFICE OF TIMOTHY KRANTZ
2082 Michelson Drive #212
Irvine, CA  92612

*Counsel for Creditors Committee*
Steven T. Gubner *
Ezra Brutzkus Gubner LLP
21650 Oxnard Street, Suite 500
Woodland Hills, CA 91367

Almost Nothing, Inc.
1620 S. Los Angeles Street, Unit #C
Los Angeles, CA 90015

One Step Up
1412 Broadway, 3rd Floor
New York, New York 10018

G & S Off-Price
2120 E. 52nd Street
Vernon, CA 90058

NMC Anaheim, LLC
c/o Ian S. Landsberg, Esq.
16030 Ventura Blvd., Suite 340
Encino, CA 91436

L.A. Grand Fashion
4801 Staunton Ave.
Los Angeles, CA 90058

Topson Downs
3840 Watseka Ave.
Culver City, CA 90232

Alan Kaitz
840 W. 9th Street, Ste. J
Upland CA 91786-0000

Pacific Apparel
42261 Zevo Drive
Temecula, CA 9290

Dwight Johnson
19784 Nautical Court
Sun City CA 92587-0000

Pacesetter Fabrics, LLC
5500 Union Pacific Ave.
Beverly Hills CA 90212-0000

Blue Galaxy, Inc.
2369 E. 51st Street
Los Angeles CA 90058-0000

Don Vrono
1480 Silver Bit Circle
San Dimas CA 91773-0000

JW Mitchell Company, LLC
2 Corporate Park Ste 108
Irvine, CA 92606

CENTRO PROPERTY OWNER II LLC
Puente Hills Town Center, Dept. 9190
Los Angeles, CA 90084-9180

JAYDEN RE, INC
12200 West Olympic Blvd, Suite 145
Los Angeles, CA 90064

Kato & Associates
18182 Bushard Street
Fountain Valley, CA 92708

PK II Larwin Square SC LP
c/o KIMCO Realty Corporation
333 Hyde Park Road, Suite 100
New Hyde Park, New York  11042

1630 HIGH STREET, LLC
c/o Red Mountain Group
1234 East Seventeenth Street
Santa Ana, Ca 92701

NMC ANAHEIM, LLC
C/O Newmark Merrill Co
5850 Canoga Avenue #650
Woodland Hills, CA 91356

WATT NORTH HIGHLANDS L.P.
C/O Westwood Financial Corp.
11440 San Vicente Blvd, #200
Los Angeles, CA 90049

Tonopah-Craig Road Company
c/o Maury Abrams, LLC
26135 Mureau Road, Suite 200
Calabasas, CA 91302

LAKHA PROPERTIES-TEMECULA TC
C/O Premier Centers Management
500 108th Avenue NE, Suite #2050
Bellevue, WA 98004

ABA Investments, LLC
c/o Potter-Taylor & Co.
1792 Tribute Road, Suite 270
Sacramento, CA 95815

Grandtower USA
Attn:  Joseph Yeh and Sharyn Liu
2440 N. Cameron Avenue
Covina, CA 91724

MAGNOLIA PLACE SHOPPING CENTER,
LLC
C/O Summit Team
17165 New Hope Street, Suite H
Fountain Valley, CA 92708

ALHAMBRA VALLEY PROPERTIES
C/O Chase Centers
11812 San Vicente Blvd Ste 500
Los Angeles, CA 90049

LAKE WOOD ASSOCIATES, LLC
C/O DJM Capital Partners
7777 Edinger Avenue, Suite 133
Huntington Beach, CA 92647

BJS CAT-City, LLC
C/O Westrust
26901 Agoura Road, Suite 250
Calabasas Hills, CA 91301-5103

700 E. REDLANDS, LLC
Redlands Associates, LTD
2925 Bristol Street
Costa Mesa, CA 92626

KEARNEY PALMS LLC
204 W. Ridgepoint Drive
Fresno, CA 93711

PACIFIC CASTLE RANCHO CORDOVA
LLC
2601 Main Street, Suite 900
Irvine, CA 92614

WRI WEST GATE SOUTH LP
Attn:  Legal Department
2600 Citadel Plaza Dr., Ste 300
P.O. Box 924133
Houston, Texas 77008  (77292-4133)

PPC STOCKTON PLAZA LC
C/O SMI Commercail MGMT, Inc.
1820 Professional Drive, Suite 1
Sacramento, CA 95825

PKI COUNTRY FAIR SC LP
C/O KIMCO Realty Corporation
23 Mauchly, Suite 100
Irvine, CA 90266

TROPICANA NELLIS LLLP
C/O Maury Abrams Company
26135 Mureau Road, Suite 200
Calabasas, CA 91302

MARYLAND PARK PLACE LLC
c/o J.L. Management Company
629 Camino de Los Mares, Suite 206
San Clemente, CA 92673

NELLIS CROSSING LP
C/O Buckeye Investments Mgmt. Company
4560 S. Decatur Blvd, Suite 202
Las Vegas, Nevada  89103

FASHION BUG 3711, INC.
c/o Charming Shoppes, Inc.- Corporate
Village
14362 North Frank Lloyd Wright Blvd,
Ste 1000
Scottsdale, Arizona 85260

LAKHA PROPERTIES-SAN DIEGO LLC
C/O Premier Centers Management
500 108th Avenue NE, Suite #2050
Bellevue, WA 98004

NMC SANTA ANA LLC BRISTOL
18801 Ventura Blvd, Suite 300
Tarzana, CA 91356

CALIFORNIA PROPERTY OWNERS I LLC
c/o Centro Properties Group
420 Lexington Avenue, 7th Floor
New York, New York 10170

LUXOR PROPERTIES, INC.
4751 Wilshire Blvd, #203
Los Angeles, CA 90010

RESEDA PLAZA/MOOSE HOLDINGS INC.
c/o Reseda Plaza
15821 Ventura Blvd, Suite 275
Encino, CA 91436

4001 South Decatur Boulevard Holdings,
LLC
c/o CWCapital Asset Management LLC
7501 Wisconsin Avenue, Suite 500 West
Bethesda, MC 20814
Attn: Michael McGregor

LEONARD & LAVONNE STAFFORD
REVOCABLE TRUST
33 Bretano Way
Greenbrae, CA 94904

MING PLAZA, LP
c/o Meridian Pacific, Ltd.
1801 Tiburon Blvd., Ste 800
Tiburon, CA 94920

LAKE MEAD DECATUR LLLP
c/o Maury Abrams, LLC
26135 Mureau Road, Suite 200
Calabasas, CA 91302

RICH ALVARADO, LLC
C/O Rich Development Co
1000 N. Western Avenue, Suite 200
San Pedro, CA 90732

BHULLAR INVESTMENTS, LLC
C/O Summit Team
17165 New Hope Street, Suite H
Fountain Valley, CA 92708

TURNPIKE CENTER LLC
C/O WELLS PROPERTIES
3905 State Street., #7263
Santa Barbara, CA 93105

AIRPORT CENTER, LLC
C/O Foursquare Properties, Inc.
7533 South Center View Court, #200
West Jordan, UT 84084

MAGNA HENRY LLC AND MAGNA
KHOURY LLC
C/O Dana Senit Henry
4831 Las Virgenes Road, #145
Calabasas, CA 91302

CENNTENNIAL CAPITAL LP
C/O Safeco Capital Corp
1850 S. Sepulveda Blvd, Suite 200
Los Angeles, CA 90025

WINTERBERRY PROPERTIES LP
c/o Reliable Properties
6399 Wilshire Blvd, Suite 604
Los Angeles, CA 90048-5709

SUGARBUSH PROPERTIES-1 LLC
C/O Reliable Properties
6399 Wilshire Blvd, Suite 604
Los Angeles, CA 90048-5709

SEENO ENTERPRISES LLC
C/O Sierra Pacific Properties Inc.
1800 Willow Pass Court
Concord, CA 94520

VICTOR VALLEY PLAZA CO., LLC
28632 Roadside Drive, Suite 285
Agoura Hills, CA 91301

TRC MM, LLC. (formerly know as GMS
Five, LLC)
c/o Terramar Retail Centers, LLC
5973 Avenida Encinas, Suite 300
Carlsbad, CA 92008-4476

WINERY SQUARE STATON LP
C/O Phillips Edison & Company
11501 Northlake Drive
Cincinnati, Ohio 45249

LHE HERITAGE VILLAGE, LLC
C/O Lewis Operating Corp
1156 N. Mountain Avenue
Upland, CA 91786-3633

PK 1 GRANARY SQUARE LP
C/O KIMCO Realty Corporation
3333 New Hyde Park Road, Suite 100
New Hyde Park, New York 11042

EASTLAND SHOPPING CENTER LLC
C/O Westfield, LLC
11601 Wilshire Blvd, 11th Floor
Los Angeles, CA 90025