DAVID S. HAGEN - SBN 110588
LAW OFFICES OF DAVID S. HAGEN
16830 Ventura Blvd., Suite 500
Encino, California 91436-1795
(818) 990-4416
Fax: (818) 990-5680
email: go4broq@earthlink.net

Attorney for Landlord John Cataldo/Nancy Ravard

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**RIVERSIDE DIVISION**

| | |
|---|---|
| In re:<br><br>HYMAN FAMILY, L.P. dba SUSIE'S DEALS,<br><br>　　　　　　　　　Debtor. | No. 6:11-BK-20827-WJ<br>Chapter 11<br><br>**LIMITED OBJECTION TO FIRST OMNIBUS MOTION OF DEBTOR AND DEBTOR-IN-POSSESSION AND BUYER DRLY, INC. FOR AN ORDER AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF EXECTORY CONTRACTS AND LEASES, ETC.**<br><br>Conf. Date:　October 18, 2011<br>Time:　　　　1:00 p.m.<br>Court:　　　　302 |

　　　Landlord John Cataldo and Nancy Ravard ("Landlord"), the lessor of debtor Hyman Family, L.P. doing business as Susie's Deals ("Debtor") with respect to the premises located at 6039 N. Figueroa St., Los Angeles, CA 90042 (Lease #10) submits its limited objection to the First Omnibus Motion of Debtor-in-Possession and Buyer DRLY, Inc. For An Order Authorizing the Assumption and Assignment of Executory Contracts and Leases, Etc (Docket No. 195 and also called the "Assignment Motion").  While the Landlord does not question the

-1-

1 debtor's business judgment with respect to the assignment of the lease
2 to Buyer, the cure amount asserted with respect to Lease #10 is,
3 according to Landlord, different than the amount stated on Exhibit A
4 to the Motion.  Without prompt "cure", as required by the Bankruptcy
5 Code, the Debtor cannot assume and assign Lease #10.

**FACTUAL AND PROCEDURAL BACKGROUND**

On April 1, 2011 ("Petition Date") Debtor filed its voluntary chapter 11 petition.

Prior to the Petition Date Debtor, as tenant, and Landlord entered into a commercial lease for the premises commonly known as 6039 N. Figueroa St., Los Angeles, CA 90042 (the "Premises").  The Premises has been designated as Lease No. 10.

On August 16, 2011 Debtor filed its Motion to (A) Sell Substantially All Assets Outside the Ordinary Course of Business, (B) Assume and Assign Certain Executory Contracts and Unexpired Leases, and C) Reject any Remaining Unexpired Leases and Executory Contracts (Docket No. 132 or "Sale Motion") seeking approval for the sale of substantially all of Debtor's assets, and assignment of many of its remaining store leases to a new entity formed by Debtor's former principals, subject to overbid.

On September 6, 2011 the Assignee became the Court approved "back up" bid for the purchase of substantially all of the Debtor's assets pursuant to the Sale Motion.  Following the default by the initial winning bidder, Buyer became the purchaser of substantially all of the Debtor's assets.

On September 27, 2011 Debtor and Buyer filed the current Assignment Motion.  Lease No. 10 is identified in Exhibit A as among

-2-

the leases being assumed by the Buyer.  However, Exhibit A does not indicate that there are existing any arrearages under the lease, and further Exhibit A indicates that Lease No. 10 is now month to month, and thus it is unclear as to whether the Debtor has anything to assume and assign.

## THE DEBTOR CANNOT ASSUME AND ASSIGN WITHOUT PROMPT CURE OF ANY AND ALL ARREARAGES

Bankruptcy Code Section 365(b)(1)(A) provides that unless a debtor/lessee either (a) cures all existing defaults or (b) provides the lessor with adequate assurance that it will promptly cure those defaults, it cannot assume the lease. "Section 365(b)(1) is intended to provide protection to the non-debtor lessor to insure that [it] receives the full benefit of [its] bargain in the event of assumption". <u>In re Bon Ton Restaurant & Pastry Shop, Inc.</u>, 53 B.R. 789, 793 (N.D. Ill, 1985).

Here, Debtor's Assignment Motion acknowledges the general proposition that the Debtor must cure existing monetary defaults under the leases to be assumed, but does not indicate the amount necessary to cure Lease 10.  Landlord asserts that the Debtor will need $43,200 to cure existing defaults.  Thus, Debtor should be required to pay $43,200 promptly to Landlord in order to assume the lease.

Further, the Debtor, in Exhibit A to the Assignment Motion indicates that Lease No. 10 is currently month to month.  Thus, the Debtor may not have any lease to assume and assign since the lease terms are now at will.  Landlord seeks to preserve its rights under California law with respect to the premises.

///

**CONCLUSION**

For the foregoing reasons, Debtor's Assignment Motion should be granted as Lease No. 10 only if the Debtor or Buyer can promptly cure all existing amounts necessary to cure the existing arrearages of $43,200.

DATED: October 4, 2011

                                        LAW OFFICES OF DAVID S. HAGEN

                                        By:     /s/ DAVID S. HAGEN
                                                         DAVID S. HAGEN, Attorney for
                                                         John Cataldo and Nancy Ravard

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
16830 Ventura Blvd., Suite 500, Encino, CA 91436-1795

A true and correct copy of the foregoing document described as LIMITED OBJECTION TO FIRST OMNIBUS MOTION OF DEBTOR AND DEBTOR-IN-POSSESSION AND BUYER DRLY, INC. FOR AN ORDER AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND LEASES, ETC.

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:
Honorable Wayne Johnson, USBC, 3420 Twelfth St., Courtroom 302, Riverside, cA 92501-3819

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On 10/4/11 , I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

David B. Golubchik         dbg@lnbrb.com
U.S. Trustee               ustpregion16.rs.ecf@usdoj.gov
Everett L Green            everett.l.green@usdoj.gov
Maurice Wainer             mrwainer@swmfirm.com

☑ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served):
On 10/5/11 , I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.
Hyman Family, LP, 620 S Wanamaker Ave., Ontario, CA 91761

☐ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL (indicate method for each person or entity served):** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____ , I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 10/4/11 | DAVID S. HAGEN | /s/ David S. Hagen |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

August 2010    **F 9013-3.1.PROOF.SERVICE**

## Addendum to Service List

**Service by Electronic Filing ("NEF")**

| | |
|---|---|
| Steven T Gubner | Sgubner@ebg-law.com |
| Krikor J Meshefejian | Kjm@lnbrb.com |
| Claire Shin | cshin@rutterhobbs.com |
| Brian D Huben | brian.huben@kattenlaw.com |
| Ian Landsberg | ilandsberg@landsberg-law.com |